HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANA SHERMAN, MARK SHERMAN,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC. et al.,<br><br>Defendant. | CASE NO. C14-5092 RBL<br><br>ORDER REMANDING CASE TO GRAYS HARBOR COUNTY SUPERIOR COURT |

## I.  INTRODUCTION

THIS MATTER is before the Court on Plaintiff Sherman's Motion to Remand [Dkt. #68]. Defendants removed the case based on diversity jurisdiction, disregarding the Washington citizenship of three defendants by claiming they were fraudulently joined for the sole purpose of destroying diversity. Sherman seeks to remand to Grays Harbor County Superior Court. The issue is whether the Washington defendants were properly named. Because Defendants cannot establish that at least one of the defendants— Silverman—was fraudulently joined, his presence in the case destroys this Court's diversity jurisdiction and the Motion to Remand is GRANTED.

## II. BACKGROUND

Plaintiff Diana Sherman[1] is Washington resident suffering from tardive dyskinesia, allegedly caused by her toxic cumulative overexposure to the prescription drug metoclopramide, commonly known under its brand name, Reglan. Sherman's treating physician, Dr. Bruce A. Silverman, prescribed this medication to address Sherman's chronic gastroesophageal reflux (heartburn). She took generic metoclopramide from 2004 until 2010.

Sherman's amended complaint was filed in Grays Harbor County Superior Court on January 8, 2010 against various defendants. The named defendants include the original producers of Reglan, several manufacturers of generic metoclopramide, Silverman, his employer, and the pharmacy and pharmacists that supplied the drug to Sherman. Sherman's malpractice claims are that Silverman was "dangerously misinformed and under informed" regarding metoclopramide and that he did not do proper research before prescribing the drug for an extended period of time. Sherman alleges that Silverman's practice fell below the standard of care. She also claims that he failed to inform her of the risks of prolonged use of the drug, and thus failed to obtain her informed consent to the treatment.

Defendants removed the suit on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). Sherman seeks Remand, arguing that this court does not have jurisdiction because the parties are not diverse. Sherman claims that Silverman was properly named as a defendant, and that his presence in the suit destroys diversity jurisdiction.[2]

The Defendants' Responses argue that Sherman fraudulently joined the Washington residents—Silverman and the pharmacists—to destroy diversity, and that their citizenship could

---

[1] Mrs. Sherman's husband Mark is also a plaintiff, but they will be referenced in the singular for clarity.
[2] The parties do not dispute that the amount in controversy exceeds $75,000. It is also undisputed that Silverman is a Washington citizen.

be disregarded for purposes of removal. This argument is largely based on an email that Sherman's counsel sent to Defendants' attorneys discussing two new cases that were yet to be filed, admitting that he was going to name non-diverse defendants to keep cases in state court for strategic purposes:

> William and Hank: I'm forwarding a link … for two unfiled cases … I was planning on filing new cases in state courts with physician defendants in order to get the Conte v. Foster question presented to a number of State Supreme Courts … Diana Sherman's prescribing doctor is Bruce Silverman … Cathy King's prescribing physician is Dr. Monty Scott … he knows that I believe that your clients are principally responsible for misleading physicians.…

(Dkt. #78, Exh. 3). Defendants argue that this email proves that Sherman does not believe that colorable claims exist against Silverman and that even if claims do exist, that she does not intend to pursue them, making his presence fraudulent.

### III.   DISCUSSION

**A.   Removal Standard**

An action is removable to a federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). Federal Courts have jurisdiction over lawsuits when each defendant is a citizen of a different state than each plaintiff and there is a sufficient amount in dispute. 28 U.S.C § 1332(a)(1) ("[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States").

There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The defendant always bears the burden of establishing the propriety of removal. *Id.* If at any time before final judgment, the

court determines that it is without subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).

### B. Diversity Jurisdiction

If Silverman is properly in the suit, then his Washington citizenship prohibits removal under 28 U.S.C. § 1441(b)(2).  Defendants claim that Silverman's citizenship is properly ignored (and removal was proper) because Sherman does not intend to pursue any claims against him. Sherman denies these allegations and asserts that she intends to pursue claims against Silverman.

Diversity jurisdiction requires that each defendant be a citizen of a different state than any plaintiff.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  A non-diverse defendant that has been "fraudulently joined," however, may be ignored when the court determines the existence of diversity.  *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

"Fraudulent Joinder" is a term of art.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The non-diverse defendant has been fraudulently joined if the plaintiff fails to state a cause of action against that defendant and that failure is obvious according to the settled laws of the state. *McCabe*, 811 F.2d at 1339. The removing defendant is entitled to present facts outside of the complaint to establish that a party has been fraudulently joined.  *Id.*  Doubt concerning whether the complaint states a cause of action is resolved in favor of remanding the case to state court. *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

Defendants cannot meet the high burden of showing that Sherman fails to state a cause of action against Silverman.  A physician is liable when he fails to follow the accepted standard of

care or when he fails to obtain informed consent. RCW 7.70.030(1), (3). Defendants fail to meet their burden for two reasons.

First, defendants have not shown that Sherman does not intend to pursue her medical malpractice or informed consent claims against Silverman. Relying on the email from Sherman's counsel, they argue she has already admitted that she will not pursue her claims against Silverman. They ignore, however, that the sentence labeling their pharmaceutical clients to be "principally responsible" does not preclude some degree of fault to be apportioned to Silverman. There is also the possibility the jury could find Silverman responsible in the alternative.

Second, Defendants have not shown that Sherman does not have colorable medical malpractice or informed consent claims against Silverman. Defendants claim that Sherman has not alleged facts that would entitle her to relief from Silverman, and therefore his presence should not defeat diversity jurisdiction. Defendants' claim relies on the other lawsuit discussed in the email, *King v. Pfizer, Inc.*, No. 8:13-cv-290, 2013 U.S. Dist. LEXIS 181698 (D. Neb. Dec. 31, 2013). The Magistrate Judge in *King* held the physician was fraudulently joined when he was only briefly mentioned in the fact section of the complaint and the claims against him were not sufficiently specific to provide adequate notice.

The facts of *King* and this case are not analogous; here, the amended complaint contains sufficient factual allegations and provides a reasonable basis to impose liability under state law. In short, the email does not establish that Silverman was fraudulently joined and the parties are not diverse. This court has no jurisdiction over the claim. 28 U.S.C § 1332(a)(1).

## IV.   CONCLUSION

Defendants have not met their burden of showing that Silverman was fraudulently joined party. Silverman's presence in the suit as a properly joined defendant defeats diversity

1  jurisdiction and requires remand back to Grays Harbor County Superior Court.  The Court will
2  not award costs.   Plaintiff's Motion to Remand [Dkt. #68] is GRANTED and the case is
3  REMANDED to Grays Harbor County Superior Court. The Clerk shall send uncertified copies
4  of this Order to all counsel and to the Clerk of the Grays Harbor County Superior Court.

   IT IS SO ORDERED.
   Dated this 23rd day of April, 2014.

                              _____
                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE